**Sect. 11452 GC. JURY.**
Error for jury to receive instructions through medium of court officer in absence of court and counsel. Lamports Co. v. Konigsberg, OA. 5 Abs. 810.

**Sect. 11572-A GC. BILLS OF EXCEPTIONS.**
Court of Appeals empowered by this section to correct errors in. Boelscher v. Boelscher, OA. 6 Abs. 3.
**Sect. 11581 GC.**
Not necessary to set out, in indictment, such facts as will show testimony was material. Joyce v. State, OA. 6 Abs. 58.

**Sec. 11589 GC. RES ADJUDICATA.**
Provides methods as to how actions can be dismissed without prejudice. Sapienza v. Fertel, OA. 5 Abs. 809.

**Sect. 11631 GC. VACATION.**
Void order may not be set aside except when record upon its face discloses elements which render it void. Gobeills et v. Wheelan, Admr., OA. 5 Abs. 811.

**Sect. 11634 GC.**
See Sect. 11631 GC. above.

**Sect. 11636 and 11637 GC. DISCRETION.**
Where vacation of judgment amounts to abuse of. Balind v. Lanigan, OA. 6 Abs. 7.

**Sect. 11655 GC. BANKRUPTCY.**
See Sect. 9654 U. S. C. above.

**Sect. 11768 GC. AID OF EXECUTION.**
Proceedings started in Common Pleas under this section, not appealable. Akron Chapter No. 300, Am. Ins. Un. v. Read, OA. 5 Abs. 814.

**Sect. 11819 GC. ATTACHMENT.**
May properly issue in action for libel or slander against non-resident. Buck v. Smith et, OA. 6 Abs. 5.
Must be liberally construed as required by 10214 GC. Bridge v. Ring, OA. 6 Abs. 11.

**Sect. 12075 GC. ASSESSMENTS.**
Provides concurrent remedy under facts and circumstances of this controversy. Conkle v. Bellevue, OS. 6 Abs. 42. See also Conkle v. Bellevue, OA. 4 Abs. 299.

**Sect. 12103 GC. AMERCEMENT.**
Action in, will not, lie where property taken on execution has been spirited away from sheriff, without negligence on his part. Dimaio v. Kohler et, OA. 5 Abs. 807.

**Sect. 12226 GC. APPEALS.**
Appeal bond, filed after prescribed period, wholly in-effective. Such bond, filed long before decree entered, is void. Mullins et v. Webb, OA. 6 Abs. 62.

**Sect. 12247 GC. JUDGMENTS.**
Overruling motion to quash service not judgment or final order. Hardin v. Am. Guar. Co., OA. 6 Abs. 3.

**Sect. 12257 GC. JUDGMENTS.**
See Sect. 12247 GC. above.

**Sect. 12260 GC. SERVICE OF SUMMONS.**
Written waiver of, in Common Pleas, does not constitute waiver in Court of Appeals. Rice v. Pike, OS. 6 Abs. 12.

**Sect. 12282 GC. SERVICE OF SUMMONS.**
In suit under 11268 GC. president of corporation held not immune from service when he entered county as witness in another suit. Syndicate Coal Co. v. Dixon et, OA. 6 Abs. 10.

**12372 GC. FELONY.**
Conviction of unlawful sale of drugs, contrary to Federal Statutes constitutes felony under this section. Seitz v. Ohio State Medical Bd., OA. 5 Abs. 813.

**Sect. 12603 GC. AUTOMOBILES.**
Indictment alleging that accused was driving at speed exceeding 35 miles per hour outside limits of city, without alleging speed was improper, held insufficient to state offense. Speed greater than 35 miles per hour may be lawful. State v. Blair, OA. 6 Abs. 58.

**Sect. 12619 GC. RECEIVING STOLEN GOODS.**
In prosecution under this section, not necessary for jury to fix value. Eberhart v. State, OA. 6 Abs. 4.

**Sect. 12694 GC. PHYSICIANS AND SURGEONS.**
Does not violate Art. I, Sect. 10 Ohio Constitution. Sheward v. State, OS. 6 Abs. 14.

**Sect. 13145 GC. FORTUNE TELLING.**
Does not violate Art. 1, Sect. 1 or 2 Ohio Constitution or Section 1 of 14th Federal Amendment. Not rendered invalid by term fortune telling not having been specifically defined. Not necessary that person should hold himself out as fortune teller to more than one person. No defense that accused is member of religious society and that representations made, alleged to constitute offense, part of religious belief of alleged offender. Davis v. State, OS. 6 Abs. 61.

**Sect. 13619 GC. RECEIVING STOLEN GOODS.**
Offense complete with act. Not necessary for jury to fix value. Eberhart v. State, OA. 6 Abs. 4.

---

## NORFOLK & WESTERN RY. CO. v. RADER.

### Ohio Appeals, 4th Dist., Pike Co.

### Decided Nov. 15, 1927.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**1045. RIGHT OF WAY**—Land owner does not have way of necessity merely because his needs require one over contiguous property. Way of necessity only follows from fact that conveyances have been made by one claiming such way from which an inference that an easement was retained, necessarily arises.

**580a. GRADE CROSSINGS—991.** Railroads—Section 8858 GC. gives to person coming within provision, right to private crossing across railroad track. Person claiming privileges of that section must show that he owns fifteen acres, or more land, in one body through which railroad passes.

Error to Common Pleas.

Judgment reversed.

Bannon & Bannon, Portsmouth, and Levi B. Moore, Waverly, for Ry. Co.
Adkins & Adkins and T. A. Renick, Circleville, for Rader.

### FULL TEXT.

MAUCK, J.
S. G. Rader filed a petition in the Common Pleas Court alleging his ownership of certain lands therein described and asserting that the lands are contiguous to the right of way of

the Norfolk and Western Railway Company. He then says that he has no means of ingress or egress to a public highway to or from said lands except across the right of way of the defendant railway company. He pleads that after due notice the railway company has refused to construct a grade crossing across its right of way so as to provide plaintiff with a way to and from the public highway. The prayer of the petition is that the court order the railway company to construct a grade crossing over its right of way. Issue was joined upon an answer and an amendment thereto and the reply of the plaintiff. These further pleadings are, however, not of importance. Trial was had, resulting in a decree requiring the railway company to construct a grade crossing for the plaintiff over its right of way from the lands described in the petition to the public highway. To this decree error is prosecuted to this court.

In support of the decree it is urged that the decree might have been entered either because the plaintiff had a way of necessity over the railroad tracks or pursuant to the statute providing for private grade crossings. No facts are pleaded from which a way of necessity necessarily arises by implication. A land owner does not have a way of necessity merely because his needs require one over contiguous property. A way of necessity only follows from the fact that conveyances have been made by the one claiming such way from which an inference that an easement was retained necessarily arises. There are no such facts pleaded in this case and the petition would not support a decree predicated upon that theory. Neither is the petition sufficient to make a case under the statute. Section 8858 G. C. gives to a person coming within the provisions of that section the right to a private crossing across a railroad track. A person claiming the privileges of that section must show that he owns fifteen or more acres of land in one body through which a railroad passes. The petition in this case does not plead sufficient facts to bring the case within the section referred to although from the description of the property we infer that the plaintiff might be able to plead and show not that his lands are contiguous to the defendant's right of way but that his lands are divided by the railroad, he being the probable owner of the fee to all the land lying west of the right of way to the bank of the Scioto River. However, if the plaintiff by his petition was able to state a case under Section 8858 it would not be such a case as would warrant the decree entered herein. If he established any right under Section 8858 it would only be such right as is conferred by the succeeding section, and that is not a right to require the railway company to build a crossing, but a right, upon the part of the owner, after the prescribed time and reasonable notice, to himself construct such a private crossing and recover the reasonable expense thereof not exceeding fifty dollars from the railway company.

The petition was not sufficient to support the decree and not sufficient to support any decree.

The judgment is accordingly reversed and the petition of the plaintiff dismissed.

(Sayre, PJ., and Middleton, J., concur.)